UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT MCKENNEY, | ) |
| Plaintiff | ) |
| v. | ) 2:19-cv-00118-GZS |
| SHERIFF KEVIN JOYCE, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Cumberland County Jail, filed a complaint in which he alleges that Defendants unlawfully denied him access to a pre-release program. (Complaint, ECF Nos. 1, 4.)

Plaintiff filed an application to proceed in forma pauperis (ECF Nos. 2, 5), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court permit Plaintiff to proceed on a disability discrimination claim, but dismiss all other claims asserted by Plaintiff.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

According to Plaintiff, he is eligible to participate in a pre-release program, which would evidently reduce the time Plaintiff would be physically incarcerated at the jail. Plaintiff, who was prescribed medication for a mental health condition, was told he needed to stop taking the medication in order to participate in the pre-release program. He stopped taking the medication and was cleared by a psychiatrist to participate in the program. Plaintiff asserts that Defendant Brady determined that he could not participate in the program at least until his mental stability was monitored for an unspecified period of time. Plaintiff advised Defendants Joyce and Gagnon, the Sheriff and Deputy Sheriff of Cumberland County, of Defendant Brady's decision, but they evidently took no action to

---
[1] The facts are derived from Plaintiff's complaint.

3

reverse the decision. Plaintiff contends Defendants discriminated against him as the result of his need for treatment for a mental health issue.

Plaintiff also alleges he attempted to file a grievance, but he was denied the opportunity. He asserts he was denied his due process right to file a grievance.

## DISCUSSION

### A. Grievance Procedure

To the extent Plaintiff attempts to assert a claim based on the adequacy of the grievance process, a prisoner does not have a constitutional right to a particular prison grievance procedure, or even to file a prison grievance; rather, the Due Process Clause entitles prisoners to predeprivation process whenever the state subjects them to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Bowen,* 58 F. App'x 712 (9th

Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy,* 30 F. App'x 568, 569 – 70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, Plaintiff has not and cannot assert an actionable federal claim based on Defendants' administration of the grievance process.

B. **Discrimination Claim**[2]

The Americans with Disabilities Act (ADA) and Rehabilitation Act "provide, in nearly identical language, that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014).[3]

Disability discrimination can consist of (a) the imposition of adverse consequences on a prisoner based on the prisoner's disability, (b) a prison policy that is neutral in its terms, but impacts prisoners with a disability more significantly, or (c) the refusal by the

---

[2] To the extent Plaintiff maintains the he has a right to participate in the pre-release program and that Defendants have deprived him of that right, Plaintiff's claim fails. "[A] prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

[3] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a). The Supreme Court has observed that "[m]odern prisons provide inmates with many recreational activities, medical services, and educational and vocational programs, all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be excluded from participation in)." *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (some internal quotation marks omitted).

prison administrators to grant the prisoner a reasonable accommodation so that the prisoner can have meaningful access to a prison program or service. *Id.*

To state a claim, a plaintiff must provide a short and plain statement that identifies the disability and the relationship between the disability and the policy or practice on which the discrimination claim is based. *See*, *e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006) ("To state a claim for a violation of Title II [of the ADA], a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.").

While Plaintiff has not identified the specific mental health condition at issue, at this stage of the proceedings he has asserted sufficient facts to support a reasonable inference that he is a qualified individual with a disability. In addition, Plaintiff has alleged that he was denied the ability to participate in a prison program due to a mental health condition. Given the standard applicable at this stage of the proceedings, Plaintiff has asserted facts to proceed on his disability discrimination claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court permit Plaintiff to proceed on a disability discrimination claim, but dismiss all other claims asserted by Plaintiff.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of July, 2019.