UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| ROBERT W. MCKENNEY,<br>    Plaintiff<br><br>v.<br><br>KEVIN JOYCE, NALDO GAGNON, and<br>WILLIAM BRADY,<br>    Defendants | ) <br> ) Docket No. 2:19-cv-00118-GZS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

NOW COME Defendants, through counsel, and pursuant to Fed.R.Civ.P. 12(c), move the Court for judgment on the pleadings. Defendants also move for summary judgment in their favor, pursuant to Fed.R.Civ.P. 56. Filed in connection with this motion is the Defendants' Statement of Material Facts pursuant to Local Rule 56(b).

MEMORANDUM OF LAW

I. INTRODUCTION

Plaintiff asserts a disability discrimination claim against the Defendants.[1] This claim is brought against the Sheriff of Cumberland County Kevin Joyce, the Chief Deputy of Cumberland County Naldo Gagnon and William Brady, formerly a lieutenant at the Cumberland County Jail.

II. FACTS

The undisputed material facts of this case are set forth in Defendants' Statement of Material

---

[1] All other claims asserted by the Plaintiff in this lawsuit were previously dismissed by the court. *See Recommended Decision After Review of Plaintiff's Complaint (Doc. # 10).*

Facts in Support of Motion for Summary Judgment (hereinafter "DSMF"). The Defendants incorporate the DSMF into this memorandum of law.

III. MOTION FOR JUDGMENT ON THE PLEADINGS

    A. Standard of Review

The Court reviews a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) in the same manner as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n.3 (1st Cir. 2009). Under this standard the court must assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the Plaintiff's stated theory of liability. *Centro Medico Del Trabno v. Feliciano De Melecio*, 406 F.3d 1, 5 (1st Cir. 2005) (citation omitted). The court does not have to consider bald assertions and unsupportable conclusions. *Id.* at 5-6. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, the complaint must allege a plausible entitlement to relief. *Id.* at 559. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

    B. The Defendants are entitled to dismissal because there is no individual liability for the claims alleged by the Plaintiff.

The Plaintiff has sued Defendants Kevin Joyce, Naldo Gagnon and William Brady.[2] These Defendants, in their individual capacities, are entitled to dismissal. "This Court and other

---

[2] The Plaintiff has not indicated whether the Defendants are sued in their official capacities or individual capacities. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(citations and quotations omitted). The First Circuit uses the "course of proceedings test" "to determine whether the suit is for individual or official liability." *Powell v. Alexander*, 391 F.3d 1, 22 (1st Cir. 2004). The Defendants have opted to analyze the claims both ways.

courts have held that there is no individual liability under Title II of the ADA or section 504 of the Rehabilitation Act." *Grendell v. Maine*, 2020 U.S. Dist. LEXIS 121691, at *24 (D. Me. July 10, 2020)(citing *Gross v. Landry*, 2017 U.S. Dist. LEXIS 190339, at *5 (D. Me. Nov. 17, 2017)). For this reason, the claims against the Defendants in their individual capacities should be dismissed.

IV. MOTION FOR SUMMARY JUDGMENT

    A. Standard of Review

Summary judgment should be granted when the record evidence demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(a)*. The moving party bears the burden of demonstrating the lack of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The record is viewed in the light most favorable to the non-moving party, and that party must be given the benefit of reasonable inferences drawn from properly asserted facts. *See Nicolo v. Philip Morris, Inc.*, 201 F.3d 29 (1st Cir. 2000). Summary judgment should be entered "against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

    B. The Defendants are entitled to summary judgment because they did not deny McKenney access to a benefit because of his disability.

"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *42 U.S.C. § 12132*. To establish a violation of Title II, the Plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.

*Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006).

> "Qualified individuals," the ADA further explains, are persons with disabilities who, "with or without reasonable modifications to rules, policies, or practices, . . . meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). "Consistent with these provisions, the State generally may rely on the reasonable assessments of its own professionals in determining whether an individual "meets the essential eligibility requirements [of its programs]."

*Olmstead v. L. C. by Zimring*, 527 U.S. 581, 602 (1999).

In this case, McKenney was not denied participation in CCC.[3] As with all inmates, once the classification committee approved moving McKenney to CCC, he needed to pass a drug test, and get approval from the medical department and the administration. *DSMF ¶ 6*. McKenney passed his drug test and was given medical approval to move to CCC in late March.[4] *DSMF ¶¶ 9, 12*. In late March, McKenney was given final approval to participate in CCC and he was scheduled to move to CCC on April 4, 2019. *DSMF ¶¶ 13, 14*. On April 4, 2019, he was moved to the York County Jail.[5] *DSMF ¶ 15*. The County's reliance on the medical department to clear McKenney for the move to CCC was reasonable and any delay caused by this process was not

---

[3] Plaintiff has failed to respond to a request for documents other than to provide an original signed medical authorization and an authorization to obtain Social Security information. Plaintiff has only provided unsigned answers to interrogatories. Plaintiff also failed to appear for his deposition. *DSMF § 10*.

[4] McKenney was on a psychiatric medication which he voluntarily went off. He did not ask for permission to stay on the medication or for any other reasonable accommodation relating to the move to CCC. *DSMF § 11*.

[5] A sheriff has discretion to transfer an inmate from one jail to another. *30-A M.R.S. 1557-B*; see also, *Meachum v. Fano*, 427 U.S. 215, 225 (1976)(no procedural due process protections required for transfer among jails). Furthermore, McKenney has not made any allegations regarding this transfer.

sufficient to establish discrimination under the ADA.

      C.      <u>The Defendants are entitled to summary judgment on Plaintiff's allegations because he has not exhausted his administrative remedies under the Prison Litigation Reform Act.</u>

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *42 U.S.C. §1997e(a)*. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532(2002). This includes claims brought under the ADA. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th Cir. 2007)(stating "the plain language of § 1997e(a) and relevant Supreme Court authority require prisoners bringing ADA and Rehabilitation Act claims to exhaust those claims through available administrative remedies before filing suit."); *see also Cobb v. Weyandt*, 359 Fed.App'x 285, 287 (3d Cir. 2009).

     Exhaustion is not left to the discretion of the district court, but is mandatory. *Booth v. Churner*, 532 U.S. 731, 739-741 (2001). A prisoner must exhaust administrative remedies "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under §1983." *Id*. Section 1997e(a) requires "proper exhaustion," which means that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id*. at 89-93.

In this case, the Plaintiff was incarcerated when he brought this lawsuit.[6]  *DSMF ¶¶ 1, 2, 15*.  He did not file any grievances about being denied access to the CCC.[7]    *DSMF ¶ 24*.  For this reason, the Plaintiff failed to exhaust his administrative remedies with regard to these claims.

V. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants ask the Court to enter judgment on the pleadings and dismiss the claims against them in their individual capacities and enter summary judgment in their favor pursuant to Fed.R.Civ.P. 56 on the claims against them in their official capacities.

Dated:  August 13, 2020                                     /s/  Peter T. Marchesi
                                                               Peter T. Marchesi, Esq.
                                                               Wheeler & Arey, P.A.
                                                               Attorneys for Defendants
                                                               27 Temple Street
                                                               Waterville, ME   04901

---

[6] McKenney initially filed an unsigned complaint on March 20, 2019.  He filed a signed copy of the complaint on April 8, 2019.

[7] McKenney alleged in an attachment to the Complaint that he was denied a grievance.   In addition to being unverified, the allegation in this document is vague and insufficient to establish that McKenney was denied access to the grievance process.  He only asserts that on one occasion he was denied a grievance form.  McKenney was incarcerated at the Cumberland County Jail until April 4, 2019, and any shift supervisor could have given him a grievance form. *DSMF ¶ 23*.

## UNITED STATES DISTRICT COURT
### District of Maine

| | |
|---|---|
| ROBERT W. MCKENNEY,<br>    Plaintiff<br><br>v.<br><br>KEVIN JOYCE, NALDO GAGNON, and<br>WILLIAM BRADY,<br>    Defendants | )<br>) Docket No. 2:19-cv-00118-GZS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

- Defendants' Motion for Judgment on the Pleadings and for Summary Judgment

has/have been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

  None

  Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

  Robert McKenney
  c/o Jo Ellen Brillant
  45 Higgins Road
  West Bath, ME   04530

Dated:  August 13, 2020         /s/  Peter T. Marchesi
                  Peter T. Marchesi, Esq.
                  Wheeler & Arey, P.A.
                  Attorneys for Defendants
                  27 Temple Street
                  Waterville, ME   04901