UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT W. MCKENNEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   2:19-cv-00118-GZS |
| | ) |
| SHERIFF KEVIN JOYCE, et al., | ) |
| | ) |
|    Defendants | ) |

## RECOMMENDED DECISION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges Defendants, the Cumberland County Sherriff (Joyce), Chief Deputy (Gagnon), and Lieutenant responsible for the pre-release center (Brady), unlawfully denied him access to a pre-release program. Defendants have moved for summary judgment. (Motion, ECF No. 35.)

After review of Defendants' motion and the record,[1] I recommend the Court grant the motion.

### SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact

---

[1] Plaintiff did not file a response to the motion.

reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp*., 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of the Plaintiff's claims, a trial-worthy controversy exists, and summary judgment must be denied as to any supported claim. *Id.* at 78 ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

### SUMMARY JUDGMENT RECORD

When presented with a summary judgment motion, a court ordinarily considers only the facts included in the parties' statements of material facts, which statements must be supported by citations to evidence of record. Federal Rule of Civil Procedure 56(c) and District of Maine Local Rule 56(b) – (d) require the specific citation to record evidence. In addition, Local Rule 56 establishes the manner by which parties must present their factual statements and the evidence on which the statements depend. A party's pro se status does not relieve the party of the obligation to comply with the court's procedural rules.[2]

---

[2] "[T]he Court is required to maintain a strict neutrality between opposing parties and even though a more forgiving reading may be appropriate for a pro se party in the summary judgment context, it is also true that '[j]udges and magistrate judges who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented [party] or devoting an excessive portion of their time to

*Ruiz Rivera v. Riley*, 209 F.3d 24, 27 – 28 & n. 2 (1st Cir. 2000); *Marcello v. Maine*, 489 F. Supp. 2d 70, 77 (D. Me. 2007).

By rule, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. D. Me. Loc. R. 56(b). A party opposing a motion for summary judgment must file an opposing statement in which it admits, denies, or qualifies the moving party's statements by reference to each numbered paragraph, with citations to supporting evidence, and in which it may set forth additional facts, in separately numbered paragraphs, with citation to supporting evidence. D. Me. Loc. R. 56(c). If an additional statement is introduced by the non-moving party, the moving party must file a reply statement in which it admits, denies, or qualifies the non-moving party's additional statements by reference to each numbered paragraph, with citations to supporting evidence. D. Me. Loc. R. 56(d).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." D. Me. Loc. R. 56(f). Additionally, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." *Id.* Finally, "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties'

---

such cases.'" *United States v. Baxter*, 841 F. Supp. 2d 378, 383 (D. Me. 2012) (quoting *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007)).

separate statement of facts." *Id.*

Nevertheless, the factual assertions contained in the verified pleadings and affidavits filed by a pro se litigant generally will be considered in the review of a summary judgment motion. That is, where a pro se litigant has failed to comply strictly with the summary judgment rules, this Court has considered the sworn assertions of record. *See Clarke v. Blais*, 473 F. Supp. 2d 124, 128 – 30 (D. Me. 2007) ("The First Circuit has not addressed this notice debate directly, but has said, in the summary judgment context, that unrepresented plaintiffs' opposing affidavits and opposition papers are to be read 'liberally.'" (citing *Posadas de Puerto Rico, Inc. v. Radin*, 856 F.2d 399, 401 (1st Cir. 1988), and *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 27 (1st Cir. 1980)); *Demmons v. Tritch*, 484 F. Supp. 2d 177, 182 – 83 (D. Me. 2007).

## FACTUAL RECORD

In December 2018, while he was held at the Cumberland County Jail on a probation violation, Plaintiff was sentenced to 349 days in jail for the violation. (DSMF ¶¶ 1, 2.)[3] The CCC is a pre-release program for low risk inmates who are within six months of release. (*Id.* ¶ 3.) The program allows inmates to participate in community service programs, education, and work release. (*Id.* ¶ 4.)

To participate in the program, an inmate must submit a request to the Classifications Committee or, alternatively, if the inmate is due for a classification review, the Classifications Committee can make its own determination. (*Id.* ¶ 5.) If the Classifications

---

[3] "DSMF" refers to Defendants' Statement of Material Facts (ECF No. 36.)

Committee approves admission to CCC, administration approval, medical clearance, drug testing, and confirmation of no outstanding warrants are required. (*Id.* ¶ 6.)

On March 6, 2019, the Classifications Committee approved Plaintiff's admission to the program subject to administration approval, medical clearance, drug testing, and confirmation that he had no outstanding warrants. (*Id.* ¶ 8.) Plaintiff subsequently passed two drug tests and voluntarily took himself off psychiatric medicine that was not permitted in the program. (*Id.* ¶¶ 9, 10.) Plaintiff did not ask to remain on the medication. ¶ 11.) In March 2019, the medical department approved Plaintiff's move to CCC. (*Id.* ¶ 12.) Plaintiff was scheduled to be moved to CCC on April 4, 2019; on the same day, he was transferred to the York County Jail. (*Id.* ¶¶ 14, 15.)

The Cumberland County Jail maintains a grievance procedure to govern inmates' claims for violation of civil, constitutional, or statutory rights. (*Id.* ¶ 19.) The process is outlined in the Inmate Handbook. (*Id.*) The process provides for an opportunity for informal resolution and a formal grievance proceeding that includes two levels of appeal, including a final administrative appeal to the Maine Department of Corrections. (*Id.* ¶ 19-22.) An inmate can obtain a grievance form from a supervisor on the inmate's pod. (*Id.* ¶ 23.) Plaintiff did not file a grievance regarding the denial of access to CCC.[4] (*Id.* ¶ 24.)

Plaintiff alleges that he was denied access to the pre-release program due to a mental

---

[4] In an attachment to his complaint, Plaintiff asserts that he asked for a grievance form, but his request was denied. (Attachment 2, ECF No. 1-2.)

health condition and thus asserted a claim under the Americans with Disabilities Act.[5]

## DISCUSSION

Defendants argue in part that they are entitled to summary judgment because Plaintiff did not exhaust the administrative remedies available for his claim.

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997e. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.").

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90 – 91.

"[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Id*. at 85; *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all

---

[5] After a preliminary review of Plaintiffs' complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, the Court concluded that Plaintiff had asserted an actionable disability discrimination claim. (Recommended Decision, ECF No. 10; Order Affirming Recommended Decision, ECF No. 13.)

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007) ("Because the ADA and Rehabilitation Act are federal laws, the plain language of the PLRA requires that prisoners bringing an action under these federal statutes challenging prison conditions must first exhaust available administrative remedies."); *see also Nottingham v. Richardson*, 499 F. App'x 368, 373 (5th Cir. 2012) (ADA). "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Exhaustion is required even when the prisoner's suit seeks monetary damages that are not available through the prison's grievance process. *Booth v. Churner*, 532 U.S. 731, 734-35 (2001). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

The record establishes that at all material times, the Cumberland County Jail had a grievance policy that provides for an initial attempt at informal resolution of a complaint, a first level grievance with the Jail Administrator, an appeal to the Sheriff and, ultimately, an appeal to the Maine Department of Corrections. (DSMF ¶¶ 19-22.) The record also establishes that Plaintiff did not file a grievance regarding his request to access CCC.

To the extent Plaintiff attempts to suggest that the grievance process was not available to him, Plaintiff's argument fails. In an attachment to the complaint, Plaintiff

asserts that he was denied a grievance form consistent with the jail's policy that a supervisor will deny a request for a form if the supervisor believes the issue is not proper for a grievance. (Attachment 2, ECF No. 1-2.)  Plaintiff, however, did not respond to Defendants' factual assertions regarding the availability of the grievance process.  A party opposing a motion for summary judgment must file an opposing statement of material fact that admits, denies, or qualifies the factual statements made by the moving party.  D. Me. Loc. R. 56(c).  Unless the statement is admitted, the opposing party must provide a citation to evidence of record that supports the opposing statement.  *Id.*  If a party fails to respond to a statement of material facts, the moving party's factual statements "shall be deemed admitted." D. Me. Loc. R. 56(f).

Furthermore, the mere assertion that he requested but was denied a grievance form does not generate an issue regarding the availability of the process.  In *Ross*, the Supreme Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  136 S. Ct. at 1859.  "First, … an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* (citing *Booth*, 532 U.S. at 736, and providing as examples a situation in which a handbook tells prisoners to send a grievance to an officer who then "disclaims the capacity to consider the grievance," and a situation where "administrative officials have apparent authority, but decline ever to exercise it").  Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.*  In other words, a process that, viewed

objectively, is too confusing to understand, is not an available process. *Id.* Third, an otherwise available grievance process is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. Plaintiff's unsupported assertion does not constitute record evidence that could reasonably be viewed to support a finding that the grievance procedure was unavailable.

In sum, the summary judgment record establishes that Plaintiff failed to satisfy the available administrative remedies. Accordingly, Defendants are entitled to summary judgment.[6]

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion for Summary Judgment.[7]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 10th day of December, 2020.

/s/ John C. Nivison
U.S. Magistrate Judge

---

[6] Because I have concluded that summary judgment is warranted on the exhaustion issue, I have not addressed Plaintiff's other arguments.

[7] If the Court adopts the recommendation, Defendants' alternative request for judgment on the pleadings would be moot.